## 10914. WINDOM *v.* THE STATE.

Where the defendant in a criminal case moves for a continuance because of absence of witnesses, and by uncontradicted testimony shows that they are absent because he was misled by the prosecuting solicitor, who told him that he need not have his witnesses or his lawyer present at the trial, as "it would be all arranged," the case is an exception to the rule, laid down in section 987 of the Penal Code, that it must be shown that the witnesses are not absent by the permission, directly or indirectly, of the movant.

DECIDED NOVEMBER 6, 1919.

Accusation of misdemeanor; from city court of Carrollton— Judge Revill presiding. July 7, 1919.

*I. N. Cheney,* for plaintiff in error.

*Willis Smith, solicitor,* contra.

BROYLES, C. J. Upon the call of the case the defendant moved for a continuance thereof upon the ground of the absence of three material witnesses. Upon the hearing of the motion the defendant swore that the absent witnesses lived in the county, had been subpœnaed by him, that their testimony was material to his defense, that he expected to have the witnesses present at the next term of court, and that the application was not made for the purpose of delay, but to enable him to have the testimony of the absent witnesses. The defendant further set forth what he expected to prove by the witnesses, and it appears that this testimony would have been material to his defense. The defendant further testified that the witnesses were absent because the prosecuting solicitor had told him that he need not have them at the trial and not to have his lawyer present, as "it would be all arranged." None of this evidence was denied by the solicitor. Under these peculiar circumstances we think that this case presents an exception to the rule, as laid down in section 987 of the Penal Code, that it must be shown that the witnesses are not absent by the permission, directly or indirectly, of the movant. In our judgment the court erred in overruling the motion for a continuance, and the subsequent proceedings in the case were nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*